UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
**DONNA CORNETT** and **JOHN BURGESS,**
as Parents and Natural Guardians of **J.B.,** and
**DONNA CORNETT** and **JOHN BURGESS,**
Individually,

                                Plaintiffs,                    **CASE NO.: 23-cv-2694**

                                                         **COMPLAINT**

      -against-

**DAVID C. BANKS,** in his official capacity as
the Chancellor of the New York City Department
of Education, and the **NEW YORK CITY
DEPARTMENT OF EDUCATION,**

                                Defendants.
------------------------------------------------------------------X

       Plaintiffs DONNA CORNETT and JOHN BURGESS, as Parents and Natural Guardians of J.B., and DONNA CORNETT and JOHN BURGESS, Individually (collectively referred to as "Plaintiffs"), for their Complaint against Defendants, DAVID C. BANKS, in his official capacity as the Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION (collectively referred to as "DOE"), allege as follows:

## PRELIMINARY STATEMENT

       1.     The Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.* ("IDEA"), offers federal funds to States in exchange for their commitment to furnish a "free appropriate public education" ("FAPE") to all children with physical or intellectual disabilities. *See* 20 U.S.C. §1401(3)(A)(i).

       2.     An eligible student acquires a substantive right to a FAPE after a State accepts the IDEA's financial assistance.

1

3. The IDEA ensures that all children with disabilities have a FAPE that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living. 20 U.S.C. §1400(d)(1)(A).

4. The IDEA defines a FAPE as special education and related services that:

A. Have been provided at public expense, under public supervision and direction, and without charge;

B. Meet the standards of the State educational agency;

C. Include an appropriate preschool, elementary school, or secondary school education in the State involved; and,

D. Are provided in conformity with the procedural and substantive requirements of an Individualized Education Program ("IEP") required under 20 U.S.C. §1414(d). *See also* 20 U.S.C. §1401(9).

5. A FAPE comprises special education and related services, academic instruction specifically tailored to meet a child's unique needs, and supportive services sufficient to allow the child to benefit from the academic instruction.

6. To provide a FAPE in compliance with the IDEA, a State and Local educational agency receiving federal funds must evaluate a student, determine whether that student is eligible for special education, and formulate and implement an IEP. 20 U.S.C. §1414.

7. Under the IDEA, an IEP is the primary vehicle for providing a child with the promised FAPE. An IEP is a written statement prepared for every child with a disability that sets forth the special education and related services, supplementary aids and services, and program modifications or support to be provided to the child, or on behalf of the child, to enable that child to achieve a comprehensive set of annual goals and short-term objectives. 20 U.S.C. §1414(d).

8. The IEP is developed by an "IEP Team" composed of school officials, parents, teachers, and other people knowledgeable about the child. 20 U.S.C. §1414(d)(1)(B).

9. If a procedural violation of the IDEA is identified and alleged, then the Court must determine whether that violation affected the Parent's and/or child's substantive rights. 20 U.S.C. § 1415.

10. Procedural violations that result in the loss of educational opportunities or seriously infringe on the Parent's opportunity to participate in the IEP formulation process, result in the denial of a FAPE.

11. If a Parent disagrees with the elements of an IEP, the Parent may challenge that IEP by filing an administrative Due Process Complaint ("DPC"), demanding an administrative hearing to be conducted by the Local or State Educational Agency. *See* 20 U.S.C. §§1415(b)(6), (f)(1)(A).

12. The IDEA authorizes an award of reasonable attorneys' fees to the Parent(s) of a child with a disability who is the prevailing party in the administrative process. 20 U.S.C. §1415(i)(3)(B).

13. The Plaintiffs herein seeks reasonable attorneys' fees as part of the costs that may be awarded to the Parent of a child with a disability as a "prevailing party" in the underlying administrative proceedings conducted under the IDEA. 20 U.S.C. §1415(i)(3)(B)(I) and 34 C.F.R. §300.517(a)(1)(i).

**JURISDICTION AND VENUE**

14. The instant case arises under the IDEA, a federal statute (20 U.S.C. §1400, *et seq.*), the United States Department of Education Regulations (34 C.F.R. Part 300), and applicable New York State Education Law (Article 89).

15. This Court has subject-matter jurisdiction under 28 U.S.C. §1331, in that the claims herein arise under federal law, and under 28 U.S.C. §1343, in that the claims herein arise under laws protecting civil rights.

16. To the extent that the instant case involves questions of special education rights under New York State law, the Court has supplemental jurisdiction under 28 U.S.C. §1367.

17. This Court may order declaratory and injunctive relief under 28 U.S.C. §§2201 and 2202.

18. Venue is appropriately placed within the Southern District of New York under 28 U.S.C. §1391(b), in that Defendants maintain business offices in New York County.

19. Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. §1988(b) and 20 U.S.C. §1415(i) if found to be a prevailing party in the underlying matter.

20. Plaintiffs were the prevailing party because of the final, unappealed decision issued by the New York State Education Department's Office of State Review ("OSR") in SRO Dec. No. 20-036, dated March 30, 2020, concerning the substantive merits of the Plaintiff's DPC in IHO Case No. 175174.

21. In SRO Dec. No. 20-036, State Review Officer Carol H. Hauge ("SRO Hauge") found that: (1) DOE denied J.B. a FAPE for the 2018–2019 school year; (2) iBRAIN was an appropriate unilateral placement; and, (3) equitable considerations supported the Parents' requested relief.

22. DOE did not appeal from SRO Dec. No. 20-036.

23. Plaintiffs DONNA CORNETT and JOHN BURGESS are the "prevailing party" as defined by the IDEA, and thus entitled to reasonable attorneys' fees and costs.

## THE PARTIES

24. Plaintiffs DONNA CORNETT and JOHN BURGESS, are the Parents and Natural Guardians of J.B.

25. J.B. is a minor child, who was six (6) years old during the 2018–2019 school year.

26. J.B. is non-verbal and non-ambulatory, has several serious medical diagnoses, and has highly intensive management needs.

27. J.B. is a child with a disability, as defined by 20 U.S.C. §1401(3).

28. At all material times herein, Plaintiffs and J.B. were residents of the City of New York.

29. J.B. is entitled to receive a FAPE from DOE. The elements of that FAPE must be set forth in an IEP for each school year.

30. DOE is and was, at all material times herein, a corporate body created by Article 52 of the New York State Education Law, N.Y. Educ. Law §2550, *et seq.*, that manages and controls the educational affairs of the New York City Public Schools.

31. DOE is the Local Educational Agency ("LEA") defined by 20 U.S.C. §1401 and 34 C.F.R. §300.28, responsible for providing J.B. with a FAPE.

32. New York State and DOE have established policies and procedures, both written and informal, concerning the implementation of the IDEA and related administrative orders.

33. DOE receives federal funding under the IDEA. *See* 20 U.S.C. §1412.

34. Because DOE receives federal funding under the IDEA, DOE must comply with the statute's provisions.

35. The DOE's principal place of business is located at 52 Chambers Street, in the County and State of New York.

36. DOE is responsible for providing a FAPE to all students with disabilities, including J.B., who live in the City of New York, under the IDEA, its implementing regulations, and the New York State Education Law, Article 89, and its implementing regulations.

## **FACTUAL ALLEGATIONS**

37. On June 18, 2018, DOE's Committee on Special Education ("CSE") met to formulate an IEP for J.B. for the 2018-2019 school year.

38. Plaintiffs DONNA CORNETT and JOHN BURGESS disagreed with the proposed IEP because it failed to address J.B.'s needs.

39. On or about the first week of July 2018, Plaintiffs DONNA CORNETT and JOHN BURGESS enrolled J.B. in the International Institute for the Brain ("iBRAIN").

40. iBRAIN is a specialized educational program located in New York City that focuses on educating students with brain injuries or brain-based disorders.

41. On July 9, 2018, Plaintiffs DONNA CORNETT and JOHN BURGESS brought a DPC against DOE, alleging, among other things, that DOE did not offer J.B. a FAPE for the 2018–2019 school year, that iBRAIN was an appropriate unilateral placement for J.B., and that the equities favored their request for the cost of tuition, related services, and transportation.

42. Plaintiff's DPC was designated as IHO Case No. 175174.

43. Impartial Hearing Officer Suzanne M. Carter ("IHO Carter") was appointed by DOE to adjudicate IHO Case No. 175174.

44. Between February 15, 2019 and July 11, 2019, IHO Carter conducted a due process hearing in IHO Case No. 175174.

45. On January 8, 2020, IHO Carter issued a Findings of Fact & Decision ("FOFD") in IHO Case No. 175174.

46. In her FOFD, IHO Carter found, among other things, that DOE failed to offer J.B. a FAPE for the 2018–2019 school year, that iBRAIN was not an appropriate unilateral placement for J.B., and that equitable considerations did not weigh in favor of the Plaintiffs' request for public funding of tuition, related services, and transportation. Thus, IHO Carter denied tuition reimbursement, transportation costs, and related services costs for J.B. at iBRAIN for the 2018-2019 school year.

47. By a written Request for Review dated February 18, 2020, Plaintiffs appealed from IHO Carter's FOFD to the New York State Education Department's Office of State Review ("OSR").

48. In Decision No. 20-036, dated March 30, 2020, SRO Hauge modified, and essentially reversed, IHO Carter's FOFD. SRO Hauge found that: (1) DOE denied J.B. a FAPE for the 2018–2019 school year; (2) iBRAIN was an appropriate unilateral placement; and, (3) equitable considerations supported the Parents' requested relief.

49. Neither party hereto appealed from SRO Dec. No. 20-036.

50. SRO Hauge's decision is the final Order regarding the Plaintiffs', and J.B.'s, claims for the 2018–2019 school year.

51. Plaintiff are the prevailing party in the underlying administrative proceeding relative to J.B.'s due process proceedings for the 2018–2019 school year.

52. A parent may be eligible for reasonable attorneys' fees if declared a "prevailing party" in an IDEA action.

53. In any action or proceeding brought under the IDEA, a court of competent jurisdiction may award reasonable attorneys' fees as part of the costs to a "prevailing party" who

is the parent of a child with a disability. 20 U.S.C. §1415(i)(3)(B)(I) and 34 C.F.R. §300.517(a)(1)(i).

54. A parent is a "prevailing party" if that parent is successful on any significant issue in the litigation or proceeding that achieves some benefits sought, and the resolution of the dispute constitutes a change in the parties' legal relationship.

55. In IDEA administrative proceedings, relief ordered by an IHO or SRO alters the legal relationship between the parties.

56. In IDEA administrative proceedings, where an IHO or SRO issues an Order in favor of the parent of a child with a disability, the parent is the prevailing party.

57. SRO Hauge's decision in SRO Dec. No. 20-036 altered the legal relationship between DOE and Plaintiffs.

58. And, since neither party appealed SRO Dec. No. 20-036, it is the final Order regarding the Plaintiffs' administrative proceedings arising out of the DPC filed in IHO Case No. 175174.

59. At all material times herein, the Brain Injury Rights Group, Ltd., represented Plaintiffs in the administrative proceedings brought against the Defendants under the IDEA and New York State's Education Law, relative to IHO Case No. 175174 and SRO Dec. No. 20-036.

60. Plaintiffs prevailed in SRO Dec. No. 20-036, and therefore are entitled to reasonable attorneys' fees and costs as the prevailing party in IHO Case No. 175174 and SRO Dec. No. 20-036.

61. Plaintiffs' law firm, its attorneys, associates, and other legal staff, spent numerous hours representing Plaintiffs in the underlying IDEA proceedings relative to IHO Case No. 175174 and SRO Dec. No. 20-036, between June 2018 through March 2020.

62. Attached hereto as Exhibit A is a redacted copy of IHO Carter's FOFD, dated January 8, 2020, in IHO Case No. 175174.

63. Attached hereto as Exhibit B is a redacted copy of SRO Hague's decision, dated March 30, 2020, in SRO Dec. No. 20-036.

## AS AND FOR A CAUSE OF ACTION

64. Plaintiffs repeat, reiterate, and reaffirms each allegation set forth above as if more fully set forth herein.

65. In any action or proceeding brought under the IDEA, a court may award reasonable attorneys' fees as part of the costs to a "prevailing party" who is the parent of a child with a disability. 20 U.S.C. §1415(i)(3)(B)(I) and 34 C.F.R. §300.517(a)(1)(i).

66. Plaintiffs are a prevailing party in the underlying administrative proceedings brought under the IDEA.

67. Plaintiffs are the Parents of J.B., a child with a disability, who prevailed in an action/proceeding brought against the Defendants under the IDEA.

68. Plaintiffs, at all material times herein, were represented by the Brain Injury Rights Group, Ltd., a non-for-profit law firm experienced in, among other things, representing students with disabilities and their families in administrative and judicial proceedings brought under the IDEA.

69. Plaintiffs, as a prevailing party in their administrative proceedings brought under the IDEA, respectfully seek reasonable attorneys' fees and costs under 20 U.S.C. §1415(i)(3)(B)(I).

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request this Court enter Judgment against Defendants and in favor of Plaintiff:

i.  Awarding Plaintiffs reasonable attorneys' fees as part of the costs to Plaintiffs as a "prevailing party" in the underlying administrative proceeding brought under the IDEA;

ii. Awarding Plaintiffs statutory costs;

iii. Awarding reasonable attorneys' fees incurred in connection with the instant federal action; and,

iv. Granting such other and further relief as this Court may deem just, proper, and equitable.

Dated: March 30, 2023

                Respectfully submitted,

                /S: Peter G. Albert/

                Peter G. Albert, Esq.
                Brain Injury Rights Group, Ltd.
                300 East 95th Street - Suite 130
                New York, New York 10128
                (646) 850 - 5035